Lori M. CROSKEY, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 90–3841C.

United States Claims Court.

Oct. 9, 1991.

On Motion for Reconsideration
Oct. 17, 1991.

Lori M. Croskey, pro se.

Ellen M. McElligott, Washington, D.C., with whom was Assistant Attorney General Stuart M. Gerson, for defendant.

## ORDER

REGINALD W. GIBSON, Judge.

This case is before the court on Plaintiff's Motion For Leave Of Court To Amend Plaintiff's Complaint pursuant to RUSCC 15, filed on July 30, 1991. The record shows, with respect thereto, that

Lori Croskey filed her *original* complaint on October 9, 1990, seeking monetary relief under the Back Pay Act, 5 U.S.C. § 5596. On March 29, 1991, she filed an unopposed motion to amend her complaint (after defendant's February 28, 1991 motion to dismiss was filed) which was allowed on April 4, 1991.

The plaintiff is now before the court on a Motion For Leave To File A Second Amended Complaint. In this instance, however, and unlike the first amended complaint, the defendant has filed an Opposition To Plaintiff's Second Motion To Amend Her Complaint. According to the defendant, the plaintiff's first motion to amend her complaint was unopposed because the modifications made were truly minor in character and were made only to correct technical errors in the original complaint. However, the defendant opposes this second motion to amend because, despite plaintiff's contention otherwise, the corrections made in this amended complaint are far from minor in character nor do they seek to merely correct clerical errors. Rather, the defendant points out, the proposed amendments seek to include an additional basis for recovery, namely, a constitutional claim under the first amendment and under the due process clauses of the fifth amendment, as well as increase the amount of damages the plaintiff seeks to recover.

Essentially, defendant contends, *inter alia*, that plaintiff's motion to file a second amended complaint should be denied because it is "futile" in light of the fact that the constitutional claims which Ms. Croskey proposes to incorporate into her amended complaint will not cure the court's lack of subject matter jurisdiction.[1] Plaintiff, on the other hand, states that her

1. The defendant contends that "neither the first amendment nor the fifth amendment due process clause, standing alone, can be construed as obligating the United States to pay money damages." *United States v. Connolly,* 716 F.2d 882, 888 (Fed Cir.1983), *cert. denied,* 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984). In addition, on February 28, 1991, defendant filed a motion to dismiss Ms. Croskey's complaint for lack of subject matter jurisdiction. In response, plaintiff filed an opposition to defendant's said motion on March 29, 1991. Defendant replied to plaintiff's opposition to defendant's motion to dismiss on June 7, 1991. By order of June 27, 1991, this court allowed plaintiff's oral motion to file supplemental briefing. Accordingly, plaintiff filed, on July 29, 1991, a reply to defendant's reply to plaintiff's response to defendant's motion to dismiss and defendant responded to plaintiff's supplemental filing on August 28, 1991. To date, plaintiff has not filed any reply thereto, nor has the court ruled upon defendant's motion to dismiss.

second amended complaint is not an attempt to "cure jurisdictional defects," as contended by the defendant, but rather for clarification purposes only. Accordingly, plaintiff contends that the defendant will not suffer any prejudice by the filing of this second amended complaint because "the constitutional claims were again for strictly clarification purposes, since they form only part of plaintiff's claim, and do not stand alone ...," as specified in defendant's opposition to plaintiff's motion to amend.

## DISCUSSION

Having previously granted plaintiff's motion for leave of court to file a first amended complaint on April 4, 1991, we now address plaintiff's second motion to amend her complaint. After a full and thorough review, RUSCC 15(a) and related case law compel this court to conclude that said motion must be granted for two reasons: (i) defendant will not be prejudiced; and (ii) the amended complaint is not "futile."

Our threshold question is one of interpretation of RUSCC 15(a). RUSCC 15(a) states in pertinent part:

A party may amend his pleadings once as a matter of course at any time before a response is served or.... within 20 days after it is served. Otherwise, a party may amend his pleadings only by leave of court ... *and leave shall be freely given when justice so requires*

(emphasis added). When ruling on a motion to amend, this court in both *Effingham County Board of Education v. United States,* 9 Cl.Ct. 177 (1985), and *State of Alaska v. United States,* 15 Cl.Ct. 276 (1988), has focused upon the following operative language set forth in *Foman v. Davis,*[2] 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962):

In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

virtue of allowance of the amendment, futility of amendment, etc.—*the leave should, as the rules require, be "freely given."* Of course, the grant or denial of the opportunity to amend is within the discretion of the ... Court, *but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.*

(emphasis added).

 Given this well-established principle and the nature of the Court's litany of suggestive extenuating circumstances for the denial of a motion to amend, we find that to justify such a denial the non-movant must explicitly indicate a reason for the court to deny the movant's motion to amend. Absent such an explicit indication, the denial would result in an abuse of discretion. *Effingham,* 9 Cl.Ct. at 180. In accordance with this principle, it is clear that the burden for obtaining the denial of a motion to amend rests upon the non-movant, in that "the party must demonstrate that it will be severely disadvantaged or incapable of presenting facts or evidence" with regard to the issues at hand. *Cornell and Co., Inc. v. Occupational Safety and Health Review Commission,* 573 F.2d 820, 823 (3d Cir.1978). In addition, the non-movant may show that he will be prejudiced by the plaintiff's amendment by demonstrating that the new legal theories set forth by the plaintiff will require him to conduct extensive research shortly before trial. *State of Alaska,* 15 Cl.Ct. at 280. *See Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 510 (4th Cir.1986). More importantly, however, if the non-movant is unable to make a firm "showing of undue or substantial prejudice," as a matter of law, the amendment must be allowed. *State of Alaska,* 15 Cl.Ct. at 280.

 On the facts of the case at bar, it is quite clear that the United States will not be "unduly burdened or substantially prej-

---

**2.** Because RUSCC 15(a) mirrors, in all material aspects, Federal Rules of Civil Procedure 15(a),

general federal case law is highly persuasive on the issues presently before this court.

udiced" if Ms. Croskey is permitted to amend her complaint for a second time. In fact, the United States has failed to even set forth such an argument in any of its pleadings. It appears, therefore, to be very unlikely that any foreseeable prejudice will inure to the defendant because of the plaintiff's filing of a second amended complaint. Accordingly, we are constrained to conclude that the defendant has not met its burden. In addition, the defendant's defense of "futility" is completely groundless. Most courts when considering a "futility" defense to a motion to amend a complaint will discern "whether a pleading is frivolous and insufficient on its face or has been adequately addressed in the prior complaint." *Johnson*, 785 F.2d at 510. There is no evidence here, nor has the defendant alleged, that the plaintiff's complaint is "frivolous and insufficient" on its face or that the issues have been adequately addressed previously. In fact, the defendant specifically indicates that the plaintiff is attempting to add on additional theories of recovery in order to correct jurisdictional defects. We find defendant's argument with respect to the alleged "futility" of plaintiff's motion to be unconvincing, particularly in light of the fact that it is based solely on the defendant's representation that the court lacks subject matter jurisdiction. Besides, we see no evidence indicating that the plaintiff, through this second amended complaint, is attempting to engage in delay tactics to prejudice the defendant's position nor is there any evidence portraying the requisite "bad faith or dilatory motive on the part of the movant." We do stress, however, that there must be an end to litigation. As in *Friedman v. Transamerica Corp.*, 5 F.R.D. 115 (D.C.Del.1946), this court will not look favorably upon numerous motions to amend, particularly where these amendments could have been "clarified" in plaintiff's initial motion to amend. Therefore, plaintiff should well understand that, notwithstanding the fact that she is appearing *pro se,* this court will not look favorably on any additional motions to amend.

## CONCLUSION

Given the above-stated facts and reasons, we are compelled to conclude that plaintiff's motion to amend for a second time must be granted because the defendant will not be prejudiced by the filing of a second amended complaint by the plaintiff and the amended complaint is not a "futile gesture" as contended by the defendant. Accordingly, Plaintiff's Motion For Leave Of Court To Amend Plaintiff's Complaint, filed on July 30, 1991, is hereby GRANTED, and the Second Amended Complaint shall be filed this date. Defendant shall file its answer thereto on or before October 21, 1991. No costs.

IT IS SO ORDERED.

## ON MOTION FOR RECONSIDERATION

This civilian pay case is before the court on the multiple Defendant's Motion For Reconsideration, Out Of Time, Of Court Orders, Denying Defendant's Motion To Stay Discovery And Ordering Defendant To Produce Documents, Or Alternatively, Defendant's Motion For Protective Order, And Defendant's Motion For Enlargement which was filed on July 12, 1991, and on Plaintiff's Motion For Order To Show Cause Why Defendant Should Not Be Held In Contempt Of Court, pursuant to RUSCC 11 and 26(g), filed thereafter on August 19, 1991. For the reasons hereinafter expressed, we deny defendant's motion for reconsideration; grant defendant's motion for a protective order; and deny plaintiff's motion for sanctions. RUSCC 11 and 26(g).

## BACKGROUND

On April 17, 1991, the defendant filed a motion to stay discovery pending the resolution of its motion to dismiss. Defendant's motion contended that the plaintiff's discovery request, *i.e.,* Plaintiff's Motion To Produce Documents filed on February 28, 1991, would require a needless expenditure of defendant's time, energy, and resources should this court resolve the jurisdictional issue in defendant's motion to dismiss in its favor. Additionally, the defendant argued that plaintiff's requests were, *inter alia,* overly broad and ambiguous.

Plaintiff, in opposition to defendant's motion to stay, argued that if she is unsuccessful in forthwith obtaining the documents which she requested, then those crucial documents could be altered or destroyed because of the fraudulent nature of her case. In a subsequent pleading, plaintiff clarified the fact that the documents were not only crucial to the merits of her case but also to the motion to dismiss.

After hearing oral argument on defendant's motion to stay, the court denied defendant's motion because, given the totality of the circumstances, *infra,* the facts of this case warranted such a ruling. Specifically, the court notes in that connection that (i) Ms. Croskey is a *pro se* plaintiff with no legal background whatsoever; (ii) Ms. Croskey has classified herself as a "whistleblower" which, historically, has indicated that such plaintiffs generally experience great difficulty in obtaining the much needed available evidence required to substantiate their claims; and (iii) as plaintiff contends, the available documents necessary to establish her claim may be susceptible to alteration or destruction. Moreover, inasmuch as the court notes that the underlying facts in this case occurred almost 10 years ago, the available relevant documents may be even more difficult to obtain because of the government's various retention policies.

However, as a condition of the denial of the defendant's motion to stay discovery, the court ordered the plaintiff to file a supplemental request for the production of documents, excising those documents that are already in her possession, and, in addition, delineating with greater specificity those documents that she seeks from the defendant. According to the defendant, however, the plaintiff has failed to follow the court's order in that while the plaintiff filed a supplemental motion to produce documents, she nevertheless failed to specify which of such documents, if any, she has in her possession; and, finally, the request itself is still too broad and ambiguous.[1] In response, the plaintiff has pointed out that during the hearing on defendant's motion to stay discovery, the plaintiff orally informed the court and the defendant as to which documents she possessed by going through each paragraph of the request and delineating to the court which documents were already in her possession. Thus, she contends that she has complied with the court order in full.

Subsequent to the May 17, 1991 order of the court denying defendant's motion to stay discovery, the court held a settlement conference on June 27, 1991. During that conference, plaintiff requested leave to file a supplemental brief in response to defendant's motion to dismiss in order to clarify those facts and issues not precisely stated in her original brief. The court granted plaintiff's motion in light of the fact that she was a *pro se* litigant, and courts are encouraged to be somewhat lenient, particularly with respect to pretrial scheduling.

In addition to granting said motion, the court entertained defendant's motion for enlargement of time to respond to plaintiff's document requests. According to the facts, the defendant requested until July 22, 1991, an additional month, to respond to plaintiff's request. The court, however, pointed out that plaintiff's request was served upon the defendant on May 29, 1991, thereby giving the defendant an entire month to respond. And in light of this fact, namely, that the defendant had a reasonable amount of time to obtain the requested documents, the court only allowed the defendant until July 12, 1991, to produce all the requested documents.[2] Rather

---

**1.** Defendant indicates in its pleadings on its motion for reconsideration that the plaintiff's supplemental request is identical to the first but for changes to # 2 and # 6 of the request (Plaintiff's Supplemental Motion to Produce Documents).

**2.** Subsequent to the court's order to produce all the requested documents, the defendant indicated that it may have an objection to the release of some of the documents set forth in plaintiff's request. Accordingly, the court instructed the defendant to file an appropriate motion and, absent such, the order would stand that within 15 days of June 27, 1991, that is by July 12, 1991, the defendant was to produce all such requested documents. The only exception to the foregoing was that an appropriate motion was to be filed on which the defendant could

than produce the requested documents, defendant filed on July 12, 1991, the multiple motions that are the subject of this memorandum order.

Although the court has previously ruled against defendant's motion to stay discovery and against the defendant with regard to plaintiff's supplemental motion to produce documents, the defendant is now before the court on a motion for reconsideration of those very rulings. If defendant's motion to reconsider is denied, the defendant seeks, in the alternative, that the court grant defendant's motion for protective orders and, additionally, grant the defendant an enlargement of time to respond to plaintiff's supplemental document request. In response to defendant's motion to reconsider, the plaintiff filed a motion to show cause why the defendant should not be held in contempt of court, pursuant to RUSCC 11 and 26(g). In Ms. Croskey's motion, she contends that defendant's motion to reconsider is frivolous and improper because it does not present any new evidence or new legal arguments that support the filing of a motion to reconsider. Plaintiff also avers that defendant's tactics have been evasive and in bad faith. The plaintiff's basis for such a claim is founded upon the defendant's frequent requests for extensions of time [3] and on the fact that the defendant has not complied with the court's order to produce documents.

Defendant, in response to plaintiff's Rule 11 motion, indicates that this court lacks subject matter jurisdiction to impose monetary sanctions against the United States if a claim is based solely upon RUSCC 11 and/or 26(g). Moreover, the defendant contends that Congress, in the Federal Courts Improvement Act, 28 U.S.C. § 2503(b), did not waive the government's sovereign immunity with regard to the court's imposition of RUSCC 11 and 26(g)

monetary sanctions. Further, defendant alleges that the plaintiff failed to establish that the government engaged in any proscribed conduct in violation of said rules. The defendant points out that "all of its motions were grounded in fact, warranted by existing law, and interposed for the express proper purpose of securing the just, speedy, and inexpensive determination of this action in accordance with the Rules of the Claims Court."

## DISCUSSION

*Defendant's Motion For Reconsideration:*

(i) Of Order Denying Motion to Stay Discovery;

(ii) Of Order Directing Defendant To Produce Documents.

Although defendant does not state explicitly which rule of this court it seeks to invoke by its motion for reconsideration, it is apparently requesting relief under RUSCC 83.2(f). Said rule states, in pertinent part, that:

A motion for reconsideration of an order *shall* be filed not later than 10 days after the date thereof.

(emphasis added). Thus, to be timely, defendant's motion for reconsideration should have been filed on or before May 27, 1991, with regard to the court's order denying defendant's motion to stay discovery and on or before July 7, 1991, with regard to the court's order to produce documents.[4] However, the defendant failed to file its motion for reconsideration until July 12, 1991, 46 days late as to the order denying defendant's motion to stay discovery, and five days late as to the order directing defendant to produce documents. Understandably so, the defendant's motion abysmally fails to delineate any specific grounds on which it wishes the court to

---

justifiably and legally refuse to produce such documents.

3. The court's docket indicates that the defendant has requested six extensions of time, as well as filed its motion for reconsideration out of time.

4. The court denied defendant's motion to stay discovery on May 17, 1991, and ordered the

defendant to produce the requested documents on June 27, 1991. Thus, the defendant should have filed two motion for reconsideration, one by May 27, 1991, and the other by July 7, 1991. Both motions were required to be filed within 10 days of the court's issuance of its respective orders.

reconsider its earlier orders denying it relief.

■ It is patently clear from a literal reading of the rule that the court's discretion to extend the filing date of a motion to reconsider under RUSCC 83.2(f) is foreclosed by the operative language of the rule itself. This is so because the rule unambiguously states that the motion *shall* be filed *not later than 10 days* after the date of *the* order complained of. Accordingly, since the rule does not provide for a modicum of discretion in the court, we conclude that the defendant has waived its right to file such motion by filing in an untimely fashion. We, therefore, deny defendant's motion for reconsideration as to both the order denying the motion to stay discovery, and the order directing the defendant to produce the requested documents.

■ As a result of the court's denial of both segments of the defendant's motion for reconsideration, we now must rule on defendant's alternative plea, *i.e.*, its motion for protective order and motion for enlargement of time to respond to plaintiff's supplemental motion to produce documents. In this connection, the defendant avers that the plaintiff's supplemental request for documents is "unduly burdensome and oppressive considering that the only [ripe] issue before this Court, at present, is this Court's [alleged] lack of subject matter jurisdiction" as premised in defendant's motion to dismiss. Moreover, argues defendant, plaintiff's requests are vague and ambiguous and several of the requests encompass documents which the defendant deems to be subject to—the attorney-client privilege, the attorney work product privilege, the law enforcement privilege, the deliberative process privilege, and, finally, are protected pursuant to the Privacy Act.

In response, the plaintiff blandly avers, without demonstrating her contentions, that the documents requested would be extremely relevant to the issue of subject matter jurisdiction in light of her "argu-

ments related to the fraudulent misuse of funds argument in her supplemental brief [on defendant's motion to dismiss]." Moreover, plaintiff further alleges that the defendant has repeatedly stonewalled her attempts to obtain any of the requested documents and is now hiding behind a motion for protective order with respect to all the documents. Lastly, plaintiff contends that defendant's claim of privilege is unjustified and should be verified by this court. The plaintiff remarks upon the fact that an *in camera* inspection by this court would be a valuable technique for protecting the confidentiality of government documents while concomitantly verifying the claims of privilege, and we agree.

Thoroughly mindful of the implications of the pending motion to dismiss, this court is also very concerned with the assurance that relevant documents will be preserved, assuming *arguendo*, that defendant does not prevail on its motion to dismiss. Historically, cases involving "whistleblowers" have received extremely negative reviews stemming from alleged deprivation of procedural due process, in part, attributable to their inability to substantiate their claims because of various reprisals and, mysteriously, the necessary documents may have been altered, destroyed, or subsequently become "non-existent." [5] On the outside chance that defendant's motion to dismiss is without merit, then justice could be denied, if relief is not presently granted, because the operative discoverable documents may be properly destroyed pursuant to established procedures while this matter is pending for decision on the motion to dismiss. In light of this circumstance, and the additional fact that the court recognizes that the defendant may have a justifiable and legal basis for asserting some or all of the aforementioned privileges, we herewith grant defendant's motion for protective order, but only to the extent that the defendant shall file *all* of the requested documents with the court for safekeeping and *in camera* inspection, on or before

---

5. *Cf. Rivera v. United States*, 924 F.2d 948 (9th Cir.1991), and *also see* "Whistleblower Protection and The Office of Special Counsel: The Development of Reprisal Law in the 1980s," *The American University Law Review*, Vol. 40:1015.

November 15, 1991. Thereupon, the court will maintain such documents under seal pending a decision on defendant's motion to dismiss. If defendant prevails, such documents will be returned to defendant. On the other hand, if defendant loses, then the court will review these documents and verify whether or not they are privileged or non-privileged. Concomitantly, defendant's motion for enlargement of time to respond to plaintiff's supplemental motion to produce documents is hereby granted consistent with and in accordance with this order.

*Plaintiff's Motion Pursuant to RUSCC 11 and 26(g):*

> RUSCC 11 provides, in part, as follows: Every pleading, motion, and other paper of a party represented by an attorney shall be signed by or for the attorney of record in the signing attorney's own individual name.... The signature of an attorney or party constitutes a certificate by the attorney or party that the attorney or party has read the pleading, motion or other paper; that to the best of the attorney's or party's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... [6]

■ Based on RUSCC 11 and 26(g), plaintiff moves for an order to show cause why defendant should not be held in violation of said court rules. In this connection, we rely on the premise set forth in *Hansen v. Prentice–Hall, Inc.,* 788 F.2d 892 (2d Cir.1986), that the test for determining *when* to impose sanctions is an objective one. *Id.* at 894. In addition, the controlling standard is one of "reasonableness un-der the circumstances." *Westmoreland v. CBS, Inc.,* 770 F.2d 1168, 1177 (D.C.Cir. 1985). In other words, the decision as to whether to impose sanctions depends upon the degree of reasonableness of the challenged conduct judged as of the time the pleadings or other papers were filed. *Assiniboine and Sioux Tribes v. United States,* 16 Cl.Ct. 158, 160 (1989).

■ Given these well-grounded principles, we find that there is no basis for this court to impose RUSCC 11 and/or RUSCC 26(g) sanctions against the defendant or defendant's counsel.[7] This court fails to see how we could decide otherwise, in light of the fact that the plaintiff's motion for Rule 11 sanctions against the defendant fails to set forth a single misstatement of fact or law in any document executed by defendant's counsel to support plaintiff's request for RUSCC 11 sanctions. Moreover, plaintiff has failed to offer any evidence to show that a pleading, motion, or other paper filed by the defendant was interposed for an improper purpose. Specifically, there is no evidence on this record, despite defendant's six requests for enlargements of time to file or respond to various pleadings, probative of the fact that the defendant intended to harass or to cause unnecessary delay or a needless increase in plaintiff's cost of litigation. Therefore, we are constrained to find that plaintiff's motion for RUSCC 11 sanctions, on this record, is without merit.

■ Finally and briefly, with regard to RUSCC 26(g), we find that plaintiff's motion is again without merit for the following reason. While we observe that the defendant has failed to respond to the court's order to produce documents, the facts of this case, nevertheless, do not give rise to the level of contemptuous conduct which would justify the court's imposition of a sanction against the defendant. This

---

**6.** RUSCC 26(g) basically reads the same as that of RUSCC 11, the major difference being that the latter speaks to the attorney's signing of discovery requests, responses, and objections thereto.

**7.** Defendant has argued that the government has not waived its sovereign immunity as to RUSCC 11 and 26(g) monetary sanctions and, therefore, this court cannot impose such sanctions upon the defendant or its counsel under those respective rules. Because the court has found that RUSCC 11 and RUSCC 26(g) sanctions are inappropriate under the facts of this case, we choose not to rule on that issue in this order.

is primarily true because the defendant has, in accordance with the rules, filed an appropriate alternative motion for a protective order with this court and we deem it fit to grant defendant's request. Not only may some of the documents be privileged, but also others may be subject to the Privacy Act. Accordingly, as previously stated, this court will order the defendant in the interest of justice to produce those documents in question to the court for an *in camera* review to verify the defendant's claim of privilege. The court, however, would also point out that it will require the defendant to produce all of the requested documents for the reasons previously stated. In view of the foregoing, plaintiff's motions for RUSCC 11 and 26(g) sanctions are denied.

### CONCLUSION

Given the above-stated facts and reasons, we are compelled to conclude that—defendant's motion for reconsideration is hereby DENIED because the defendant was grossly tardy in filing its motion pursuant to RUSCC 83.2(f), and defendant's motion for a protective order is hereby GRANTED to the extent that *all* requested documents shall be filed with the court, on or before November 15, 1991, for safekeeping and, if necessary, for an *in camera* inspection as to the validity of defendant's claims of privilege. Plaintiff's motion for an order to show cause why the defendant should not be held in contempt of court is hereby DENIED.

IT IS SO ORDERED.