**Lori M. CROSKEY, Plaintiff,**

v.

**UNITED STATES, Defendant.**

No. 90–3841C.

United States Claims Court.

Aug. 27, 1992.

Lori M. Croskey, pro se.

Ellen M. McElligott, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

## ORDER

REGINALD W. GIBSON, Judge.

This civilian pay case is before the court on the March 6, 1992 Plaintiff's Motion To Compel Production Of Documents pursuant to the Rules of the United States Claims Court (RUSCC) 37(a). For reasons hereinafter expressed, we deny plaintiff's motion in part and order defendant to file all such remaining requested documents *in camera.*

## BACKGROUND

Ms. Croskey seeks money damages arising out a series of incidents which culminated in her being removed from her position with the Department of the Army on May 28, 1982. Her complaint is based on the Tucker Act, 28 U.S.C. § 1491; the Back Pay Act, 5 U.S.C. § 5596; the False Claims Act, 28 U.S.C. § 2514; and violations of the First Amendment and the Due Process Clause of the Fifth Amendment. In short,

plaintiff's claim arises out of the Army's termination of her probationary position as a library technician at the Geissen Military Community ("G.M.C."), Geissen, Germany. Ms. Croskey claims that she was wrongfully terminated for her role as a "whistleblower." Plaintiff was permitted to amend her complaint twice (*i.e.*, April 4, 1991 and October 9, 1991) in response to the government's motion to dismiss for lack of subject matter jurisdiction. On November 15, 1991, defendant filed a motion to dismiss Ms. Croskey's second amended complaint for lack of subject matter jurisdiction. A decision on this motion is presently pending before this court.

On March 28, 1991, plaintiff served upon the defendant a motion to produce certain documents. The defendant, on April 17, 1991, filed a motion to stay discovery to await our decision on the pending motion to dismiss. On May 17, 1991, we denied the defendant's motion to stay discovery. As a condition of this denial, we ordered the plaintiff to file a supplemental request for production of documents, delineating specifically which documents she already had in her possession and which ones were legitimately sought. Ms. Croskey subsequently filed a supplemental request for documents on or about May 29, 1991. Following thereon (June 27, 1991), the court ordered defendant to produce all documents encompassed by plaintiff's supplemental request. In response, on September 5, 1991, defendant filed a motion for a protective order respecting privileged and irrelevant documents. On October 17, 1991, the court granted defendant's motion with respect to privileged documents which were to be filed *in camera;* however, non-privileged documents were required to be produced. 24 Cl.Ct. 420. In response

thereto, on December 16, 1991, defendant filed all deemed privileged documents *in camera* and produced to plaintiff certain non-privileged documents.

If the motion to dismiss is denied, we will examine all documents *in camera* to determine the validity of defendant's claim of privilege. We will then cause to be produced the non-privileged relevant documents to the plaintiff. If the defendant's motion to dismiss is granted, we will then, of course, return all documents to the defendant.

On January 3, 1992, plaintiff, evidently dissatisfied with the defendant's response to the October 17, 1991 order, served upon the defendant a *second* supplemental motion to produce documents, which essentially sought the production of the same documents as were sought in the original supplemental motion.[1] Thereafter, on February 14, 1992, defendant responded to the plaintiff's second supplemental request with the same objections and claims of privilege it had raised regarding the initial request. In addition, defendant produced additional non-privileged documents in response to plaintiff's requests.[2]

Plaintiff strenuously contends that the defendant has failed to be responsive to the permissible discovery requests. In fact, she argues that the defendant's evasive tactics have caused her unwarranted delay in that the defendant is using its privilege claims to sabotage her case. Plaintiff further contends that all of the above documents are properly discoverable because they are "relevant to the money/fraud matters involved in this action." Accordingly, plaintiff asks the court by her motion of March 6, 1992, to compel the discovery of her six requests within seven days, and to

1. With minor exception regarding Requests Nos. 4 and 5, the second supplemental request was basically the same.

2. Each party has refused to compromise its stance on the pertinent discovery requests. The parties went through the motions of submitting supplemental requests and responses, but they set forth substantially identical arguments and rejections. The parties' inflexible dispositions have forced this court to become extensively involved in the discovery process of this case.

Such involvement causes delay and is inapposite to RUSCC 1, which seeks to "secure the just, speedy, and inexpensive determination of every action." Accordingly, the court should not hesitate to limit the scope of discovery pursuant to the relevancy test of RUSCC 26(b). See *Herbert v. Lando,* 441 U.S. 153, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979) (holding that district courts can limit the scope of discoverable material to ensure that Rule 1 is followed).

enter a default judgment against the government if it fails to comply.

Conversely, defendant argues with equal force that it has given Ms. Croskey all of the relevant, non-privileged documents in its possession, and also has submitted all of the documents under claim of privilege to the court *in camera.* Consequently, it is defendant's position that it has fully complied with the court's order of October 17, 1991. With respect to Request No. 3, defendant maintains that the plaintiff's request for production was not a proper request for documents under RUSCC 34. Request No. 4, according to defendant, is too broad and overly burdensome, and cannot be discovered under RUSCC 26(b). Defendant also argues that, contrary to RUSCC 37, the plaintiff did not give reasonable notice to the government before the motion was filed. Finally, defendant contends that plaintiff ignored the RUSCC Appendix G requirement that the party moving to compel discovery must first consult with the opposing party in a good faith attempt to resolve the dispute. Defendant asks the court, therefore, to deny plaintiff's motion in its entirety.

## DISCUSSION

In said motion, plaintiff makes the following six requests with respect to which she avers defendant "has refused production of these documents":

*Request No. 1*—Plaintiff seeks to discover complete job descriptions of the positions of library technician, librarian, and Freedom of Information Officer.

*Request No. 2*—Plaintiff seeks to discover the "Complete Fifth Corps Inspector General's Investigative Report of March, 1984" and the Office of Special Counsel's (OSC) Investigative Report of 1988, from p. 44 to the end.

*Request No. 3*—Ms. Croskey seeks to compel the production of the last-known addresses and telephone numbers of Amelia Little, Vera Pied, and Denise Charlebois–Kessler.

*Request No. 4*—Plaintiff requests sample copies of compensatory time forms and any internal directives or local policy directives that have been used in the G.M.C.

*Request No. 5*—Plaintiff requests any documents within Geissen's Civilian Personnel Office (CPO), which give the "Table of Penalties" and any internal policy directives concerning these documents.

*Request No. 6*—Ms. Croskey seeks in this request to compel discovery of various operational reports on the libraries and recreational centers in the G.M.C.

Plaintiff contends that said documents are needed "[i]n order to properly prepare and present her claim against the defendant." The court understands and reads the quoted language to aver that said documents are sought to establish plaintiff's *substantive* "claim," *i.e.,* the claim on the merits, and not for any other purpose.

Given this reasonable interpretation of the foregoing, it might very well be that plaintiff's motion, at this posture, is premature for two reasons, inasmuch as there is presently pending before the court defendant's motion to dismiss because—(i) this court lacks jurisdiction in view of *United States v. Fausto,* 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988), and *United States v. Connolly,* 716 F.2d 882 (Fed.Cir. 1983), *cert. denied,* 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984); and (ii) the claim is barred by 28 U.S.C. § 2501, *i.e.,* the statute of limitations. In this connection, nowhere does it appear in written submissions to this court that the documents presently sought to be compelled are relevant or indispensable to plaintiff's *opposition to defendant's motion to dismiss.* In fact, as noted above, and in plaintiff's reply to defendant's opposition to her motion to compel, she similarly averred that such documents were "critical to the preservation of evidence in her fraud/money action...." This is, of course, a concession that said documents are only pertinent to the substantive issues on the merits and not on the pending motion of defendant to dismiss. The foregoing conclusion is clearly corroborated by the fact that on March 2, 1992, plaintiff filed her responsive opposition to defendant's second motion to dismiss without referencing a reservation that

it was anything but a full and complete opposition to the foregoing motion. That is to say, plaintiff nowhere therein expressed the position that she was filing a *preliminary opposition* to be subsequently modified and buttressed upon receipt of certain documents which were the subject of her motion to produce. Moreover, the fact that plaintiff failed to file her motion to compel until March 6, 1992, *i.e.*, four days *after* she filed her unconditional opposition to the defendant's motion to dismiss, is also circumstantially corroborative of the inference that said documents were sought for, and are relevant only to, the substantive issues on the merits, rather than on the defendant's motion to dismiss.

For the foregoing reasons, the court will deny the motion to compel the production directly to the plaintiff of the six (6) numbered requested documents, *supra*. Instead, given the fact that plaintiff perceives this to be a "whistleblower" case, and the additional circumstance that plaintiff appears *pro se* and has expressed a grave concern as to whether said existing documents will be continuously preserved for her use if defendant is unsuccessful on its motion to dismiss, IT IS HEREBY ORDERED that all said requested documents, the subject matter of the above March 6, 1992 plaintiff's motion to compel, shall be filed with the Clerk of the Court *in camera* on or before September 11, 1992. If defendant is unsuccessful on its pending motion to dismiss, following an appropriate motion by plaintiff, the court will examine all documents previously filed *in camera* to determine the extent of production to which plaintiff is entitled.

IT IS SO ORDERED.