OPINION AND ORDER
LETTOW, Judge.
Frank J. Dumont seeks refunds and damages relating to an assessment of taxes by the Internal Revenue Service (“IRS”) in 2003 and 2004. Mr. Dumont has moved for summary judgment, judgment by default, and for imposition of monetary sanctions on defendant. The government has moved to dismiss Mr. Dumont’s complaint, asserting that this court lacks subject matter jurisdiction over plaintiffs claim regarding the 2004 tax year and that he has failed to state a claim upon which relief can be granted regarding the 2003 tax year.
BACKGROUND[1]
On April 15, 2004, Mr. Dumont filed with the IRS an application for an automatic four-month extension of time within which to submit his 2003 tax return. Def.’s Mot. to Dismiss and Resp. to Pl.’s Mot. for Summary Judgment (“Def.’s Mot.”), Ex. A (Certificate of Assessments, Payments, and Other Specified Matters) at 1. This application was granted. On August 15, 2004, plaintiff sought an additional two-month extension, and this application was also granted, leaving Mr. Dumont with a tax-filing deadline of October 15, 2004. Def.’s Mot., Ex A at 1. However, Mr. Dumont did not file his 2003 tax return until April 11, 2008, more than three years and five months after the extended deadline. See Compl. H 3. Mr. Dumont also filed his 2004 tax return on April 11, 2008. See id. In its motion to dismiss, the government argues that with respect to the 2003 tax year, Mr. Dumont has failed to state a claim upon which relief can be granted because these taxes “were paid too long ago to be refunded.” Def.’s Mot. at 5. The government additionally argues that this court lacks subject matter jurisdiction over plaintiffs claim regarding the 2004 tax year because Mr. Dumont filed suit in this court less than six months after the filing of his administrative claim for a refund. Id. at 7.
Mr. Dumont has woven the circumstances surrounding the two tax returns into several different motions in this case. At the heart of Mr. Dumont’s complaint, filed on May 21, 2008, is his argument that he was due $2,274.05 based upon the IRS’s “illegal determination and assessment” of his taxes for 2003 and 2004. Compl. 111. This amount includes plaintiffs calculations of his tax deficiencies for those two years, which he contends were improperly assessed, as well as associated penalties and compound interest. See Compl., Ex. 1 (Tax Year Interest Computation). In addition to these refunds, plaintiff has requested $500,000 in “coercive damages” to ensure that the government would “think twice about proceeding illegally against [him] in the future.” Compl. H15.
On September 5, 2008, in his response to defendant’s second motion for an enlargement of time to respond to his complaint, Mr. Dumont moved for summary judgment and default judgment. See Pl.’s Objection to Def.’s Second Mot. for Enlargement of Time. On October 31, 2008, plaintiff filed an amended motion for default judgment in which he argued that the government had “not defended themselves against [plaintiffs] complaint” due to the two enlargements of time granted to defendant by the court. See Pl.’s Am. *427 Mot. for Judgment by Default at 1. The government responds that the enlargements of time were properly granted, that it has not failed to defend the case, and that plaintiff is not entitled to a default judgment because he has not established “a claim or right to relief’ under Rule 55(b) of the Rules of the Court of Federal Claims (“RCFC”). See Def.’s Resp. to Pl.’s Mot. for Judgment by Default at 2-3.
On November 17, 2008, plaintiff filed an amended motion for summary judgment. See Pl.’s Am. Mot. for Summary Judgment (“Pl.’s Am. Mot.”). In response, the government argues that summary judgment should be denied to plaintiff because he “has failed to demonstrate the absence of genuine issues of material fact” and because he is not entitled to judgment as a matter of law. See Def.’s Opp. to Pl.’s Am. Mot. at 4. Mr. Dumont brought a related motion for imposition of monetary sanctions on November 12, 2008, arguing the same factual and legal premises articulated in his amended motion for default judgment. See Pl.’s Mot. for Monetary Sanction of Def. (“Pl.’s Mot. for Sanctions”), The government disputes the propriety of any sanctions. See Def.’s Resp. to Pl.’s Mot. for Sanctions.
These motions have been fully briefed and accordingly are ready for disposition.
ANALYSIS

A. Jurisdiction

As a plaintiff in federal court, Mr. Dumont bears the burden of establishing, based upon a preponderance of the evidence, that this court has subject matter jurisdiction over his case. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed.Cir.1988). In determining whether jurisdiction exists, this court must accept as true any facts alleged in the complaint and “draw all reasonable inferences” in favor of the plaintiff. See Henke v. United States, 60 F.3d 795, 797 (Fed.Cir. 1995) (citations omitted). Plaintiffs factual allegations need not be detailed, but they “must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).” Bell Atlantic Corp. v. Twombly, 550 U.S. 544, -, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (citations omitted); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1356 n. 4 (Fed. Cir.2007).
Mr. Dumont argues that this court has jurisdiction over the issues in this ease based upon 28 U.S.C. §§ 1346(a)(1) and 1491. See Compl. 112. However, Section 1346(a)(1) is not a basis for jurisdiction in this court because that statute grants jurisdiction to district counts to adjudicate suits “against the United States for the recovery of any internal-income tax alleged to have been erroneously or illegally assessed or collected, or any penalty claims to have been collected without authority or any sum alleged to have been ... wrongfully collected under the internal-revenue laws.” 28 U.S.C. § 1346(a)(1). Although Section 1346(a) provides that the district courts’ jurisdiction is “concurrent with the United States Court of Federal Claims,” this court’s jurisdiction over tax refund suits arises under the Tucker Act, 28 U.S.C. § 1491(a)(1) (“The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.”). The Tucker Act itself does not provide a substantive right of recovery against the United States. It confers jurisdiction only where the plaintiff identifies an accompanying substantive claim that “ ‘can fairly be interpreted as mandating compensation by the [fjederal [g]ovemment for the damage sustained.’” United States v. Mitchell, 463 U.S. 206, 217, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) (quoting United States v. Testan, 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)) (quoting Eastport S.S. Corp. v. United States, 178 Ct.Cl. 599, 372 F.2d 1002, 1009 (1967)); see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 473, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003) (“[A] fair inference will do.”). A provision of the Internal Revenue Code, 26 U.S.C. § 7422, provides such a substantive basis for *428 a refund claim in this court because it “grants taxpayers the right to sue the United States for ‘recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected,’ provided that the taxpayer first files a claim for refund.” Foreman v. United States, 60 F.3d 1559, 1562 (Fed.Cir.1995) (quoting 26 U.S.C. § 7422); see also United States v. Clintwood Elkhorn Mining Co., — U.S. -, -, 128 S.Ct. 1511, 1514, 170 L.Ed.2d 392 (2008). Notably, “[a] tax refund claim, with very few exceptions, is the only type of tax dispute over which this court has jurisdiction.” Artuso v. United States, 80 Fed Cl. 336, 338 (2008) (citing New York Life Ins. Co. v. United States, 118 F.3d 1553, 1558 (Fed.Cir. 1997)).[2]
To recover under the Tucker Act, a plaintiff must adhere to the requirements of 26 U.S.C. § 7422(a), which states that no such suit “shall be maintained in any court ... until a claim for refund or credit has been duly filed with the Secretary.” See Artuso, 80 Fed.Cl. at 338; see also Gluck v. United States, 84 Fed.Cl. 609, 612-13 (2008). In addition, after a taxpayer files an administrative claim for refund or credit, he or she must wait “6 months from the date of filing the claim,” or until the IRS renders a decision on the claim, before filing suit under Section 7422(a) in this court. 26 U.S.C. § 6532(a)(1); see Duda v. United States, 79 . Fed.Cl. 129, 132 (2007) (addressing the requirements of Section 6532(a)(1) in conjunction with the “informal claim doctrine” as exemplified by United States v. Kales, 314 U.S. 186, 194, 62 S.Ct. 214, 86 L.Ed. 132 (1941), and Computervision Corp. v. United States, 445 F.3d 1355, 1364-65 (Fed.Cir. 2006)).

1. Claims based on the 2001 tax year.

Mr. Dumont filed his income tax return for 2004 on April 11, 2008. Compl. H 3. Under the relevant Treasury regulations, the filing of this return “eonstitute[d] a claim for refund or credit ... for the amount of the overpayment disclosed by such return.” 26 C.F.R. § 301.6402-3(a)(5). Thus, Mr. Dumont’s tax refund claim was deemed filed on April 11, 2008. Mr. Dumont filed suit in this court one month and ten days later, on May 21, 2008. Less than six months elapsed between the date of administrative filing and the date of filing suit here, and Mr. Dumont does not allege that the IRS rendered a. decision on his refund claim. Accordingly, plaintiff has failed to demonstrate by a preponderance of the evidence that this court has subject matter jurisdiction over his refund claim for the 2004 income tax year.[3]

2. Claims based on the 2003 tax year.

The government contends that Mr. Dumont has failed to state a refund claim regarding his 2003 income tax year because “the claim was filed more than three years and six months after any overpayment of tax for 2003,” contravening the requirements of 26 U.S.C. § 6511 of the Internal Revenue Code. Def.’s Mot. at 4. Section 6511(a) requires that a claim for credit or refund of a tax overpayment “be filed ... within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later,” 26 U.S.C. § 6511(a). This period is lengthened by any extensions granted to taxpayer for the filing of the return. See 26 U.S.C. § 6511(b)(2)(A) (“[T]he amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years phis the period of any extension of time for filing the return.”) (emphasis added); see VanCanagan v. United States, 231 F.3d 1349, 1351-52 *429 (Fed.Cir.2000) (appending six months worth of extensions onto the three-year- period from the filing of the plaintiffs claim). The relevant legal provisions are unambiguous in this regard; Section 6511(b) expressly states that “[n]o credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period.” 26 U.S.C. § 6511(b)(1); see United States v. Brockamp, 519 U.S. 347, 350, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997) (highlighting the “unusually emphatic form” of the time limits governing the filing of administrative refund claims).
The facts in this respect are undisputed. Mr. Dumont’s taxes for the 2003 year were originally due on April 15, 2004. Def.’s Mot., Ex. A at 1. He did not immediately file a tax return on that date, but the amount of $2,276.83 was deemed to have been paid by Mr. Dumont on April 15, 2004, representing the amount withheld from his wages for the 2003 year. See id. (listing a “withholding credit” of $2,276.83 on the date of April 15, 2004).[4] Mr. Dumont requested and received six months of extensions within which to file his 2003 return, leaving him with a final tax-filing deadline of October 15, 2004. See id. On April 11, 2008, nearly four years after the effective payment date of his withheld 2003 taxes, plaintiff filed his 2003 tax return, in which he requested a refund of the withheld taxes deemed paid on April 15, 2004.
The government argues that these taxes “were paid too long ago to be refunded.” Def.’s Mot. at 5. Mr. Dumont responds by arguing that the government “admit[s] that taxes were overpaid” for 2003 and that “[t]he determination and assessment was therefore unlawful.” Pl.’s Resp. to Def.’s Mot. at 1. However, this response is insuffieient. A plaintiff must produce more than an allegation of overpayment to state a cognizable claim for relief; he must also demonstrate that he has abided by the filing requirements governing tax refund claims. See United States v. Clintwood Elkhorn, — U.S. at-, 128 S.Ct. at 1516 (holding that “taxpayers seeking refunds of unlawfully assessed taxes must comply with the [statutory regime for raising claims] before bringing suit”); Brockamp, 519 U.S. at 352, 117 S.Ct. 849 (stating that equitable tolling is not applicable to 26 U.S.C. § 6511 because of its “detail, its technical language, the iteration of the limitations in both procedural and substantive forms, and the explicit listing of exceptions.”).
Here, because Mr. Dumont filed his 2003 tax return on April 11, 2008, he is also deemed to have filed an administrative claim for a refund on that same date. See 26 C.F.R. § 301.6402-3(a)(5); VanCanagan, 231 F.3d at 1351. As stated above, however, this claim for a refund is limited by the Internal Revenue Code insofar as “the amount of the credit or refund cannot ‘exceed the portion of the tax paid’ during the three years (plus any extensions for filing the return) ‘immediately preceding the filing of the claim.’ ” VanCanagan, 231 F.3d at 1351-52 (quoting 26 U.S.C. § 6511(b)(2)). Essentially, this means that Mi-. Dumont can only recover a refund for any taxes paid in the three years and six months prior to April 11, 2008. Because Mr. Dumont has not provided any evidence in his pleadings that he paid any taxes for the 2003 income year during the period from October 11, 2004 to April 11, 2008, his suit for a refund on those 2003 taxes must be dismissed.[5]

3. Claim of unlawful collection activities.

Mr. Dumont offers an additional argument that this court can exercise jurisdic *430 tion under a provision of the Internal Revenue Code which states:
If, in connection with any collection of [f|ederal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.
26 U.S.C. § 7433(a); see Pl.’s Resp. to Def.’s Mot. at 1-2. Viewed in a light most favorable to him, Mr. Dumont’s claim for damages caused by allegedly “unlawful” collection activities of the IRS differs from his tax refund claim, and instead puts forward a tort claim against the government. As the Tucker Act specifies, this court lacks jurisdiction over claims premised on tort. 28 U.S.C. § 1491(a)(1); Brown v. United States, 105 F.3d 621, 623 (Fed.Cir.1997). Rather, under the explicit terms of 26 U.S.C. § 7433(a), a federal district court would have exclusive jurisdiction over Mr. Dumont’s tort claims regarding the government’s tax collection activities. See Estes v. United States, 2006 WL 5668240, at *2 (Fed.Cl. July 14, 2006).
Similarly unavailing are plaintiffs allegations that the government has violated the Racketeer Influenced and Corrupt Organizations Act (“RICO Act”), 18 U.S.C. §§ 1961-68, by committing a “pattern of unlawful acts” including “the issuance of a [n]otice of [deficiency for taxes not lawfully due the [defendant followed with the threat of dispossession if not paid.” Pl.’s Verified Aff. of Facts at 2.[6] This court does not exercise jurisdiction over criminal claims, including those arising under the RICO Act. See Joshua v. United States, 17 F.3d 378, 379 (Fed.Cir.1994) (this court “has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code”).
Mr. Dumont additionally claims to be “seeking protection from the court against an unlawful dispossession of $2,273.05 by the [defendant.” Pl.’s Reply to Def.’s Resp. to Pl.’s Mot. for Judgment by Default at 1. Mr. Dumont’s request for protection represents a form of declaratory or injunctive relief, and “[t]he Tucker Act does not provide independent jurisdiction over such claims for equitable relief.” Brown, 105 F.3d at 624 (citing United States v. King, 395 U.S. 1, 2-3, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)); see also Fuselier v. United States, 63 Fed.Cl. 8, 11 (2004) (holding that the court lacks jurisdiction to enjoin IRS collection activities). Cor-relatively, Mr. Dumont’s allegations that his constitutional right to due process was abridged does not confer a money-mandating duty on the federal government. See LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed.Cir.1995) (holding that the Due Process Clause does not impose a money-mandating duty).
Finally, plaintiff argues that the Social Security Administration has engaged in “fraudulent reporting of income” and has “unlawfully cheated [him] out of $500 a month of retirement benefits by means of penalties and loss of credits.” Compl. IMF 6, 8. This court lacks jurisdiction to hear claims arising from the Social Security Act. Marcus v. United States, 909 F.2d 1470, 1471 (Fed.Cir. 1990).

B. Default and Sanctions

“A default judgment may be entered only if the claimant establishes a claim or right to relief by evidence that satisfies the court.” RCFC 55(b)(2). Given the court’s dismissal of plaintiffs complaint on jurisdictional grounds, Mr. Dumont has not properly established a right to relief. Accordingly, plaintiffs motion for judgment by default is denied.
Plaintiffs motion for sanctions rests on allegations regarding defendant’s conduct in litigating this case. The government responds by conceding only that it made “[a] single clerical error in the styling of a motion [that] was immediately corrected upon discovery.” See Def.’s Opp. to Pl.’s Mot. for *431 Sanctions at 3. In resolving motions for sanctions, the court determines whether there is any evidence that a party intended some improper purpose by the presentation of the relevant submission. See Croskey v. United States, 24 Cl.Ct. 420, 427 (1991). The standard for determining whether an improper purpose was intended, and thus whether sanctions are appropriate, is one of “reasonableness under the circumstances.” See Westmoreland v. CBS, Inc., 770 F.2d 1168, 1177 (D.C.Cir.1985); Croskey, 24 Cl.Ct. at 427 (finding “no evidence on this record, despite defendant’s six requests for enlargements of time ..., probative of the fact that the defendant intended to harass or to cause unnecessary delay or a needless increase in plaintiffs cost of litigation”). Here, defendant’s only mistake was in filing a motion that was captioned “Defendant’s Unopposed Motion for Enlargement of Time,” when in fact Mi-. Dumont had not consented to an enlargement. That error was promptly corrected by counsel’s action in alerting the clerk of this court, who corrected the filed copy of the motion by eliding the word “[u)nopposed” from the caption. Thus, plaintiff has failed to provide any evidence showing that a pleading or motion submitted by the government “was interposed for an improper purpose,” Croskey, 24 Cl.Ct. at 427, and plaintiff’s motion for sanctions accordingly is denied.
CONCLUSION
The government’s motion to dismiss is GRANTED, and this case shall be dismissed for lack of subject matter jurisdiction. Plaintiffs amended motion for default judgment, his amended motion for summary judgment, and his motion for monetary sanctions are each DENIED. The Clerk shall enter judgment accordingly. No costs.
It is so ORDERED.

. The recitations that follow do not constitute findings of fact by the court. Rather, the recited factual elements are either undisputed or are alleged and assumed to be true because they are uncontested.

. The exceptions do not pertain to this case. They include cases filed under 28 U.S.C. § 1507 (grant of jurisdiction to hear declaratory judgment actions under 26 U.S.C. § 7428, which concerns classification of entities pursuant to 26 U.S.C. § 501(c)(3) and related provisions of the Internal Revenue Code), and 28 U.S.C. § 1508 (grant of jurisdiction over certain partnership proceedings under 26 U.S.C. §§ 6226 and 6228(a)).

. Arguably, with the passage of time, Mr. Dumont's claim for refund of the taxes paid for the 2004 tax year may have matured within the meaning of 26 C.F.R. § 301.6402-3(a)(5). If the IRS has not granted a refund, Mr. Dumont may now be able to file a fresh claim in court seeking such a refund.

. Given that Mr. Dumont's 2003 tax return listed "additional tax assessed” as $1,536.00, the balance of his payment credits minus his assessed debits was $740.83 on April 15, 2004. See Def.'s Mot., Ex. A at 2.

. Clintwood Elkhorn and Brockamp indicate that this court does not have jurisdiction over a tax refund claim unless the statutory and regulatory provisions for seeking a refund administratively have first been satisfied. See Clintwood Elkhorn, - U.S. at-, 128 S.Ct. at 1518-19; Brockamp, 519 U.S. at 352, 117 S.Ct. 849; see also John R. Sand & Gravel Co. v. United States, - U.S. -, -, 128 S.Ct. 750, 753-57, 169 L.Ed.2d 591 (2008). Thus, Mr. Dumont’s claims based on the 2003 tax year should be dismissed for lack of subject matter jurisdiction under RCFC 12(b)(1), and not for failure to state a claim under RCFC 12(b)(6) as the government has requested.

. In his moving papers and responses, plaintiff has claimed that the government has denied him due process of law, engaged in extortion, and violated the RICO Act. Plaintiff has submitted a sworn "affidavit of facts” in which he described and to which he attached various documents relating to this case. See Pl.’s Verified Aff. of Facts.