Dianne B. HUFFORD, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 08–257C.

United States Court of Federal Claims.

Jan. 30, 2009.

Dianne B. Hufford, Cecilton, MD, Pro Se.

Allison Kidd–Miller, Commercial Litigation Branch, Civil Division, Department of Jus-

tice, Washington, D.C., with whom were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director and Martin F. Hockey, Jr., Assistant Director, for Defendant.

## OPINION AND ORDER

SMITH, Senior Judge.

Defendant has filed a Motion for Summary Dismissal pursuant to Court of Federal Claims Rules 12(b)(1) and 12(b)(6). For the reasons set forth in this Opinion, the Court hereby **GRANTS** Defendant's Motion.

## FACTS

The facts of this case are difficult to discern from Plaintiff's complaint. Plaintiff's complaint appears to allege that President George W. Bush, Vice President Richard B. Cheney and Halliburton Oil Service Company have conspired to disrupt the flow of petroleum from the Middle East. It appears that Ms. Hufford alleges that the conspiracy artificially raised the price of gas and cheated the American public, providing "windfall profits" to oil companies. Compl. at 2. Ms. Hufford requests restitution in various amounts and $5.5 million for emotional distress. Compl. at pp. 4–7.

## STANDARD OF REVIEW

■ The Supreme Court has held that the pleadings of pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Even if the complaint is not clearly articulated, a court must examine the pleadings to determine if there is a cause of action. *Sumner v. United States*, 71 Fed.Cl. 627, 628 (2006) (citing *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)). However, "there is no duty on the part of the trial court to create a claim which appellant has not spelled out in his pleading." *Scogin v. United States*, 33 Fed.Cl. 285, 293 (1995) (internal quotation and punctuation marks omitted).

■ A motion to dismiss should be granted where, accepting a plaintiff's allegations made in her complaint to be true and draw-

ing all inferences in favor of the plaintiff, it is evident that the plaintiff is not entitled to relief. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed.Cir.1988).

## DISCUSSION

■ In her complaint, Ms. Hufford alleges several claims against individuals and entities. Some of these claims against are against President George W. Bush and Vice-President Richard B. Cheney. Both the President and Vice-President are individual federal government officials. Claims against these individuals are beyond the purview of this Court and must be dismissed. *See Sindram v. United States*, 67 Fed.Cl. 788, 792–93 (2005) (citing 28 U.S.C. § 1346(b)); *see also Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 391–94, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *Brown v. United States*, 105 F.3d 621, 624 (Fed.Cir.1997).

■ Further, the portions of Ms. Hufford's complaint alleging claims against Halliburton, a private company, must also be dismissed as this Court does not have subject matter jurisdiction to entertain controversies between private parties. *See National City Bank v. United States*, 143 Ct.Cl. 154, 163 F.Supp. 846, 852 (1958). Other claims found in Ms. Hufford's complaint include claims involving fraud, emotional distress and harassment. These claims are tort claims outside this Court's jurisdiction. *See McCauley v. United States*, 38 Fed.Cl. 250 (1997), *aff'd*, 152 F.3d 948 (Fed.Cir.1998).

■ In addition to the claims already mentioned, it appears that Ms. Hufford alleges claims of obstruction of justice and conspiracy. As these claims are based on criminal statutes, these too must be dismissed. *Joshua v. United States*, 17 F.3d 378, 379 (Fed.Cir.1994); *see* 28 U.S.C. § 1295. Ms. Hufford's complaint also alleges discrimination; however, that claim must also be dismissed as jurisdiction for that claim rests exclusively with the District Courts. 28 U.S.C. § 1343(a).

■ What remains of Ms. Hufford's complaint is an alleged Fifth Amendment violation. If properly read, this claim falls within this Court's jurisdiction. However, after reviewing the complaint it appears that Ms. Hufford does not allege that she was deprived of any protected property interest by the United States, which would give rise to this Court's jurisdiction over the claim. *See American Pelagic Fishing Co., L.P. v. United States*, 379 F.3d 1363, 1372 (Fed.Cir.2004). Instead, it appears that Ms. Hufford alleges wrongful termination based on a fraudulent public employment contract. This contract appears to have been with the Colonial School District, located in Delaware, not with the Federal Government. Therefore, as the claim is not against the United States, Plaintiff has failed to state a claim over which this Court may exercise jurisdiction. This claim must be dismissed for lack of jurisdiction.

### CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** Defendant's Motion to Summarily Dismiss *Pro Se* Complaint. The Court further **DISMISSES AS MOOT** all other motions filed by Plaintiff. The Clerk is directed to **DISMISS WITHOUT PREJUDICE** Plaintiff's Complaint.

It is so **ORDERED.**