**Gregory John McGRATH, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 08–609C.**

United States Court of Federal Claims.

Feb. 20, 2009.

Gregory John McGrath, Danbury, WI, pro se.

Roger A. Hipp, Washington, DC, with whom were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Brian M. Simkin, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

EMILY C. HEWITT, Judge.

Before the court are Defendant's Motion to Dismiss (defendant's Motion or Def.'s Mot.), filed October 27, 2008, plaintiff's Motion for Summary Judgment Advacary [sic][1] Motion to Dismiss[ ] This Petition (plaintiff's Response or Pl.'s Resp.), deemed filed on December 4, 2008[2] and Defendant's Reply in Support of Its Motion to Dismiss (defendant's Reply or Def.'s Reply), filed on December 22, 2008.

### I. Background

Plaintiff, Gregory John McGrath, filed his Complaint (Compl.) on August 28, 2008 against the State of Wisconsin, Burnett County, Wisconsin, and several state and county officers and employees. Compl. 1.[3]

---

1. Where practicable, the court has changed quotations in plaintiff's Complaint (Compl.) and other filings to conform to conventional capitalization, spelling and grammar.

2. Plaintiff's Motion for Summary Judgment Advacary [sic] Motion to Dismiss[ ] This Petition (plaintiff's Response or Pl.'s Resp.) was received by the Office of the Clerk on November 26, 2008. On December 4, 2008 the court issued an order that deemed plaintiff's document to be a properly filed response. *See* Order of Dec. 4, 2008, Dkt. No. 6 at 1 ("Accordingly, the court deems plaintiff's document to be the response contemplated by Rule 7.2(b)(1) of the Rules of the United States Court of Federal Claims (RCFC).") (citing Pl.'s Resp. 1 ("Upon review of the motion to dismiss for lack of jurisdiction ... [plaintiff] notes that the opposing parties have apparently not properly read the original claim....")).

3. In his Response, plaintiff adds to the caption the phrase "United States, Inc." between the words "Debtors" and "State of Wisconsin." Pl.'s Resp. 1. Merely adding the words "United States" to the caption of the Response does not create jurisdiction in this court. *See Fullard v. United States*, 78 Fed.Cl. 294, 300 (2007) ("A plaintiff cannot invoke Tucker Act jurisdiction by merely naming the United States as the defendant in the caption of the complaint but failing to assert any substantive claims against the federal government."). Plaintiff also includes a para-

The exact nature of his claim is unclear from the Complaint, but it appears to relate to Mr. McGrath's having been jailed for a traffic violation. *See* Compl., Prayer for Relief and Judgment of the Court 2. In particular, plaintiff claims that on February 5, 2004 while he was "traveling safely home" he was "stopped and accosted by State Trooper, Patrick Kraetke" who then "cuff[ed]" and "jail[ed] [plaintiff] after stealing information and property[ ] belonging to [plaintiff]." *Id.*

## II. Legal Standards

◼ The question of whether the United States Court of Federal Claims (USCFC) has subject-matter jurisdiction over a claim is a threshold matter that must be determined at the outset. *Steel Co. v. Citizens for a Better Env't (Steel Co.),* 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); *see PODS, Inc. v. Porta Stor, Inc.,* 484 F.3d 1359, 1365 (Fed.Cir.2007) ("We have an obligation to assure ourselves of our jurisdiction before considering the merits . . . .") (citing *Steel Co.,* 523 U.S. at 94–95, 118 S.Ct. 1003). "If the court finds that it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States,* 72 Fed. Cl. 274, 278 (2006); *see* Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

◼ The burden of proof of establishing jurisdiction is borne by the plaintiff. *McNutt v. Gen. Motors Acceptance Corp. (McNutt),* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Russell v. United States,* 78 Fed.Cl. 281, 285 (2007). If the defendant challenges jurisdictional facts, the plaintiff must support them with "competent proof." *McNutt,* 298 U.S. at 189, 56 S.Ct. 780. The plaintiff bears the burden to show by a preponderance of the evidence that jurisdiction is proper. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988). Jurisdiction is a threshold matter and a case

can proceed no further if the court lacks jurisdiction to hear it. *Steel Co.,* 523 U.S. at 94, 118 S.Ct. 1003.

As a general matter, complaints filed by pro se plaintiffs are held to " 'less stringent standards than formal pleadings drafted by lawyers.' " *Howard v. United States (Howard),* 74 Fed.Cl. 676, 678 (2006) (quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). "This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States,* 59 Fed.Cl. 497, 499 (2004), aff'd, 98 Fed.Appx. 860 (Fed.Cir.2004) (table).

The jurisdiction of the USCFC is set forth in the Tucker Act, 28 U.S.C. § 1491 (2006). This court "shall have jurisdiction to render judgment upon any claim *against the United States* founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (emphasis added). Jurisdiction of the USCFC, then, is limited to suits against the United States. *United States v. Sherwood (Sherwood),* 312 U.S. 584, 588, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *Howard,* 74 Fed.Cl. at 679 ("The only defendant against whom suit may properly be brought in this court is the United States government."); *see* 28 U.S.C. § 1491(a)(1). "[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court. . . ." *Sherwood,* 312 U.S. at 588, 61 S.Ct. 767 (citations omitted).

◼ The Tucker Act provides the waiver of sovereign immunity necessary to sue the United States for money damages, but the plaintiff must establish an independent substantive right to money damages from the United States, that is, a money-mandating source within a contract, regulation, statute, or constitutional provision, in order for the

graph titled "Motion to add parties" which reads, in full, as follows:

Petitioner, holder of the instrument, does accept for value, in consideration of the continuing opposition of the United States, their right to act

as co-debtors in surety with their sub-corporation found in this and the original motion for summary judgment.

Pl.'s Resp. 2.

case to proceed. *See United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). As stated by the United States Court of Appeals for the Federal Circuit (Federal Circuit), the alleged source of the substantive right to money damages must "be *reasonably amenable* to the reading that it mandates a right of recovery in damages. While the premise to a Tucker Act claim will not be 'lightly inferred,' ... a *fair inference* will do." *Fisher v. United States,* 402 F.3d 1167, 1174 (Fed.Cir.2005) (en banc) (quoting *United States v. White Mountain Apache Tribe,* 537 U.S. 465, 472–73, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003)) (omission in original).

### III. Discussion

#### A. This Court Lacks Jurisdiction Because the United States Is Not a Defendant

The jurisdiction of the USCFC is limited to suits against the United States. *Sherwood,* 312 U.S. at 588, 61 S.Ct. 767; *see* 28 U.S.C. § 1491 (stating, with certain exceptions, that the USCFC "shall have jurisdiction to render judgment upon any claim against the United States"); *supra* Part II. Plaintiff asserts claims against parties other than the United States. Compl. 1. Plaintiff names as defendants: (1) the State of Wisconsin; (2) Burnett County, Wisconsin; (3) Michael J. Gableman, "corporation magistrate" for Burnett County; (4) James H. Taylor, retired "corporate magistrate" for Burnett County; (5) Kenneth L. Kutz, "corporate district attorney" for Burnett County; (6) Trudy Schmidt, "corporations clerk of court" for Burnett County; (7) Dean L. Roland, "corporate sheriff" of Burnett County; and (8) Michael Kreatke, a Wisconsin State Trooper.[4] Compl. 1. As to these parties, the plaintiff's claims must be "ignored as beyond the jurisdiction of the court." *Sherwood,* 312

4. Defendant notes that it "appears from public records that Michael J. Gableman's actual title was circuit judge for Burnett County" and "that the actual title for James H. Taylor was also circuit judge for Burnett County." Defendant's Motion to Dismiss (defendant's Motion or Def.'s Mot.) 1 n. 1.

5. The United States Court of Federal Claims has subject-matter jurisdiction over takings claims based on the Fifth Amendment to the United

U.S. at 588, 61 S.Ct. 767. "When a plaintiff's complaint names ... local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations." *Moore v. Durango Jail,* 77 Fed.Cl. 92, 95 (2007).

Plaintiff's Response refers to the United States as "co-debtors in surety with their sub-corporation." Pl.'s Resp. 2; *see supra* note 3 (quoting relevant portions of plaintiff's Response and noting that merely adding the United States on the case caption does not create jurisdiction in this court). However, the Complaint and plaintiff's Response do not refer to any action by the United States nor do they allege that the United States has agreed to be a surety for the other defendants listed in the case caption. *See* Compl. *passim;* Pl.'s Resp. *passim.* Accordingly, this court does not have jurisdiction to rule on the merits of plaintiff's claims because plaintiff's Complaint alleges no substantive claims against the United States.

#### B. The Mere Mention of the United States or the United States Constitution in Plaintiff's Response Does Not Create Jurisdiction in This Court

#### 1. The Mention of the Fifth Amendment to the United States Constitution Does Not Create Jurisdiction in This Court

Plaintiff's Response also appears to claim that the United States has taken his property in contravention of the Fifth Amendment to the United States Constitution (Fifth Amendment).[5] *See* Pl.'s Resp. 2. This claim does not appear in the Complaint. *See* Compl. *passim.* This court does not possess jurisdiction to hear claims presented for the first time in responsive briefing. *See Lawmaster v. Ward,* 125 F.3d 1341, 1346 n. 2

States Constitution (Fifth Amendment). The Fifth Amendment mandates the payment of just compensation when the government takes private property for public use. *See Jacobs v. United States,* 290 U.S. 13, 16, 54 S.Ct. 26, 78 L.Ed. 142 (1933) ("[T]he right to recover just compensation for property taken by the United States .... was implied because of the duty to pay imposed by the [Fifth] Amendment.").

(10th Cir.1997) (noting that because a plaintiff "failed to raise the ... claim against the United States in his complaint, we refuse to consider it"); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *Michels v. United States*, 72 Fed.Cl. 426, 432 (2006) (refusing to consider a claim not asserted in the complaint).

Even if it had appeared in the Complaint, plaintiff's Fifth Amendment claim must be dismissed due to failure to state a claim upon which relief could be granted. *See* RCFC 12(b)(6). There is nothing in the Complaint or in plaintiff's Response that indicates that any of Mr. McGrath's allegations fit within the scope of the Fifth Amendment. *See Adair v. United States*, 497 F.3d 1244, 1258 (Fed.Cir.2007) (upholding a dismissal of a complaint on the basis of failure to state a claim where a statute and implementing regulations were money-mandating, but where the facts of the complaint did not fit within the statute); Compl. *passim*; Pl.'s Resp. *passim*. Accordingly, plaintiff's Complaint must be dismissed.

### 2. The Addition of the "United States" to The Case Caption Does Not Create Jurisdiction in This Court

■ As noted above, *see supra* Part I note 3, in his Response, plaintiff adds to the caption the phrase "United States, Inc." between the words "Debtors" and "State of Wisconsin." Pl.'s Resp. 1. Merely adding the United States in the caption of the Response does not create jurisdiction in this court. *See Fullard v. United States*, 78 Fed.Cl. 294, 300 (2007) ("A plaintiff cannot invoke Tucker Act jurisdiction by merely naming the United States as the defendant in the caption of the complaint but failing to assert any substantive claims against the federal government.").

### C. It Is Not in the Interest of Justice to Transfer This Case to Another Court of the United States

■ Although not requested to do so by plaintiff, the court considers *sua sponte* whether "it is in the interest of justice" to transfer plaintiff's suit to another court of the United States. *See* 28 U.S.C. § 1631 (2006). Section 1631 of title 28 of the United States Code describes the circumstances in which such a transfer would be appropriate:

Whenever a civil action is filed in a court as defined in section 610 of this title [6] or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, *if it is in the interest of justice, transfer such action or appeal to any other such court* in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631 (emphasis added). In order for a case to be transferred, it must meet three elements: (1) the transferring court must lack subject matter jurisdiction; (2) at the time the case was filed, the case must have been able to have been brought in the transferee court; and (3) such a transfer must be in the interest of justice. *Skillo v. United States*, 68 Fed.Cl. 734, 744 (2005).

Here, the court determines that it is not "in the interest of justice" to transfer Mr. McGrath's Complaint to another jurisdiction because the court, after review of the Complaint, did not discern any claim upon which relief could be granted in another court of the United States.

**6.** In *Skillo v. United States (Skillo)*, the court examined the legislative and interpretive history of 28 U.S.C. § 610 (2006) and 28 U.S.C. § 1631 (2006) and concluded that "a court as defined in section 610 of this title" in 28 U.S.C. § 1631 comprises exclusively " 'courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the [United States Court of Federal Claims], and the Court of International Trade.' " *Skillo*, 68 Fed.Cl. 734, 743–47 (2005) (quoting 28 U.S.C. § 610) (alterations added).

## IV. Conclusion

For the foregoing reasons, defendant's Motion is GRANTED. The Clerk of the Court is directed to ENTER JUDGMENT in favor of defendant.[7]

IT IS SO ORDERED.

7. Before the court is plaintiff's Motion for [Summary] Judgment (plaintiff's Motion or Pl.'s Mot.) deemed filed on February 11, 2009. The court cannot enter summary judgment for plaintiff where the court lacks jurisdiction over plaintiff's claims. *See, e.g., Folden v. United States,* 379 F.3d 1344, 1354 (Fed.Cir.2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte.*") (citing *Fanning, Phillips & Molnar v. West,* 160 F.3d 717, 720 (Fed.Cir.1998)). Accordingly, and because the court has granted defendant's Motion to Dismiss, the court DENIES AS MOOT plaintiff's Motion.