Dianne B. HUFFORD, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 08–883C.

United States Court of Federal Claims.

June 29, 2009.

Dianne B. Hufford, Cecilton, MD, pro se.

Allison Kidd–Miller, with whom were Michael F. Hertz, Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

*OPINION*

HEWITT, Chief Judge.

Before the court are Defendant's Motion to Dismiss Pro Se Complaint (defendant's Motion or Def.'s Mot.), filed February 9, 2009, plaintiff's response, filed March 3, 2009, plaintiff's amended response (plaintiff's Amended Response or Pl.'s Am. Resp.), filed April 20, 2009, and defendant's Reply In Support of Defendant's Motion to Dismiss Pro Se Complaint (defendant's Reply or Def.'s Reply), filed May 4, 2009.

## I. Background

Pro se plaintiff Dianne Hufford filed a complaint (Complaint or Compl.) with this court on December 11, 2008, shortly after the Circuit Court of Cecil County dismissed her petition for review of a decision by the Cecil County, Maryland Office of Planning and Zoning (Planning and Zoning). Compl. ¶ II.B.3,[1] Exhibit (Ex.) 25 (State Court Dismissal). Plaintiff alleges many causes of action against a variety of defendants, all of which appear to arise out of development that has occurred in the vicinity of her property over the past two decades. *See* Compl. *passim.* Plaintiff alleges that she purchased property from Mr. Michael Balzer, who altered boundary line pins to "embezzle[ ] ... a section of waterfront property—approximately 3.5 acres," causing her deed to be defective. *Id.* ¶¶ I.A, I.B.1–7. Plaintiff also alleges that the Chesapeake Haven Civic Association, Inc. (CHCA), in conjunction with or with the approval of Planning and Zoning, completed several development projects without adequately surveying the property at issue and without completing an environmental impact statement. *Id.* ¶¶ I.C.5–8, III.G. Ms. Hufford alleges that this development resulted in diminished property values in her neighborhood. *Id.* ¶¶ II.E.1, III.I.2. The alleged development projects included the following: placing "eight huge pylons" into an "unstable, vulnerable, natural, sandy cliff structure[;]" building a "170 foot stone jetty called a 'wave breaker[;]'" and cutting down trees on plaintiff's property. *Id.* ¶ I.C.5–8. Plaintiff alleges that CHCA, Planning and

---

1. Except for the cover pages, plaintiff's Complaint (Complaint or Compl.) is written with paragraphs numbered in outline form. The court will cite to the Complaint accordingly.

Zoning, and the lawyers involved in the process committed fraud, conspiracy, and hate crimes and infringed upon her constitutional rights. *Id.* ¶¶ IV.C.6–7, IV.E.2.

Plaintiff alleges a wide variety of statutory and regulatory claims, including: (1) violations of bankruptcy laws 11 U.S.C. §§ 523(a)(1) and 548(a)(1), *id.* ¶ III; (2) violations of antitrust law 15 U.S.C. §§ 1–7, *id.* ¶ IV.D.3; (3) a Constitutional tort claim under 42 U.S.C. § 1983, *id.* ¶¶ I.A, IV.E; (4) various other claims arising under the Constitution such as deprivations of freedom of speech, due process, and equal protection, *id.* ¶ III; (5) a claim under 18 U.S.C. §§ 1961–62, the Racketeer Influenced and Corrupt Organizations Act (RICO), *id.* ¶ V; (6) interference with interstate commerce under 18 U.S.C. § 1951, *id.;* (7) various tort claims including fraud, negligence, and conversion, *id.* ¶¶ I, IV.D.1; (8) violations of various environmental statutes, including 42 U.S.C. § 6928(d)(2)(a)-(f)(2)(b) and 33 U.S.C. § 1319(c)(1), Pl.'s Am. Resp. 5; and (9) an unlawful taking of her property in violation of the Fifth Amendment, Compl. ¶ II.E. Plaintiff seeks declaratory judgment, equitable remedies, and $50,000,000 in money damages, including treble damages and punitive damages. Compl. ¶¶ I, VI.

Defendant moves to dismiss the Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). Def.'s Mot. 1. The government argues that plaintiff does not allege a claim against the United States in her Complaint, but rather alleges claims against individuals, state and local government entities, and a civic association, which are outside the jurisdiction of this court. *Id.* at 2–3. According to defendant, plaintiff failed to remedy the substance of the underlying claims by changing the caption of her Response to state a claim against the United States. Def.'s Reply 1–2. Defendant also argues that this court lacks jurisdiction because plaintiff fails to allege a money-mandating claim. Def.'s Mot. 3. Defendant argues that criminal statutes and activities are not within the purview of this court, and that this court can hear neither tort claims nor claims under bankruptcy statutes because

those are committed by Congress to the district, state, or bankruptcy courts. *Id.* at 3–4. Finally, defendant argues that plaintiff does not properly state a takings claim justiciable in this court because she does not allege that it was the United States that deprived her of her property without just compensation. *Id.* at 4.

## II. Legal Standards

The jurisdiction of the United States Court of Federal Claims (Court of Federal Claims) is set forth in the Tucker Act, 28 U.S.C. § 1491 (2006). This court has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." *Id.* § 1491(a)(1).

The Court of Federal Claims "does not have jurisdiction 'over tort actions against the United States.'" *Gimbernat v. United States,* 84 Fed.Cl. 350, 353 (2008) (quoting *Brown v. United States (Brown),* 105 F.3d 621, 623 (Fed.Cir.1997)). The jurisdiction of this court is limited to claims against the United States. *United States v. Sherwood (Sherwood),* 312 U.S. 584, 588, 61 S.Ct. 767, 85 L.Ed. 1058 (1941) (stating that if "the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction" of the Court of Federal Claims' predecessor, the Court of Claims); *Moore v. Pub. Defenders Office (Moore),* 76 Fed.Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations."); *see also Brown,* 105 F.3d at 624 ("The Tucker Act grants the Court of Federal Claims jurisdiction over claims against the United States, not against individual federal officials."). This court also lacks jurisdiction to adjudicate criminal claims. *See Joshua v. United States (Joshua),* 17 F.3d 378, 379 (Fed.Cir.1994) ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code . . . ."). Finally, the court may not exercise jurisdiction over stat-

utory claims which Congress has committed to the jurisdiction of other courts. *See Tex. Peanut Farmers v. United States (Tex. Peanut)*, 409 F.3d 1370, 1373 (Fed.Cir.2005).

■■■ The question of whether this court has subject matter jurisdiction over a claim is a threshold matter that must be determined at the outset. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). "If the court finds that it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States (Matthews)*, 72 Fed. Cl. 274, 278 (2006); *see* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A plaintiff bears the burden of proof to establish subject matter jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Russell v. United States (Russell)*, 78 Fed.Cl. 281, 285 (2007). Complaints filed by pro se plaintiffs "are generally held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Howard v. United States*, 74 Fed.Cl. 676, 678 (2006) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). "This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States*, 59 Fed.Cl. 497, 499, aff'd, 98 Fed.Appx. 860 (Fed.Cir.2004) (Table).

■■■ "The Tucker Act is merely a jurisdictional grant ... and does not create a substantive right enforceable against the sovereign." *Matthews*, 72 Fed.Cl. at 279 (citing *United States v. Testan (Testan )*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)). In order for this court to have jurisdiction, a "plaintiff must establish an independent substantive right to money damages from the United States." *Intersport Fashions W., Inc. v. United States (Intersport)*, 84 Fed.Cl. 454, 456 (2008) (citing *Testan*, 424 U.S. at 398, 96 S.Ct. 948); *see Fisher v. United States*, 402 F.3d 1167, 1172 (Fed.Cir.2005)

("[I]n order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages."). "If a trial court concludes that the particular statute simply is not money-mandating, then the court shall dismiss the claim for lack of subject matter jurisdiction under Rule 12(b)(1)." *Adair v. United States*, 497 F.3d 1244, 1251 (Fed.Cir. 2007) (citations omitted).

III. Discussion

A. This Court Lacks Jurisdiction Over Claims Against Defendants Not the United States

■■■ The caption in plaintiff's Complaint identifies as defendants: (1) the State of Maryland; (2) the Department of the Environment; (3) Planning and Zoning; (4) CHCA; and (5) "Contractors, surveyors, [and] lawyers." [2] Compl. 1. In her Amended Response, plaintiff changes the caption to name the United States as defendant. Pl.'s Am. Resp. 1. However, plaintiff does not change the substance of her argument in her Amended Response. While plaintiff's Amended Response includes several bare allegations that Federal agencies breached duties owed to her, *see* Pl.'s Am. Resp. 11, plaintiff does not point to any facts to support those allegations, *see id. passim.* In any case, the Amended Response cannot serve to amend plaintiff's Complaint. *See McGrath v. United States (McGrath)*, 85 Fed.Cl. 769, 772 (2009) ("This court does not possess jurisdiction to hear claims presented for the first time in responsive briefing.") (citing *Lawmaster v. Ward*, 125 F.3d 1341, 1346 n. 2 (10th Cir.1997) (noting that because a plaintiff "failed to raise the ... claim against the United States in his complaint, we refuse to consider it"), *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") and *Michels v. United States*, 72 Fed.Cl. 426, 432

2. Though not named in the caption, plaintiff identifies Mr. Michael Balzer and Mr. Ellis Rollins as lawyers at fault. *See* Compl. ¶ I.A. As defendant points out, Mr. Rollins was an interested party in plaintiff's petition dismissed by the Circuit Court of Cecil County, as were the Mary-

land Department of the Environment, the Cecil County Department of Public Works, and the Chesapeake Haven Civic Association, Inc. (CHCA). Defendant's Motion to Dismiss Pro Se Complaint (defendant's Motion or Def.'s Mot.) 3, Exhibit (Ex.) A 1–2.

(2006) (refusing to consider a claim not asserted in the complaint)).

This court does not have jurisdiction to hear plaintiff's claims naming local government agencies and private individuals as defendants. *See Sherwood*, 312 U.S. at 588, 61 S.Ct. 767; *Brown*, 105 F.3d at 624; *Moore*, 76 Fed.Cl. at 620. "Merely adding the United States in the caption of the Response does not create jurisdiction in this court." *McGrath*, 85 Fed.Cl. at 773 (citing *Fullard v. United States*, 78 Fed.Cl. 294, 300 (2007) ("A plaintiff cannot invoke Tucker Act jurisdiction by merely naming the United States as the defendant in the caption of the complaint but failing to assert any substantive claims against the federal government.")). This court lacks jurisdiction to hear plaintiff's claims against parties other than the United States notwithstanding the revised caption of plaintiff's Amended Response. *See Brown*, 105 F.3d at 624; *McGrath*, 85 Fed.Cl. at 773; *Moore*, 76 Fed.Cl. at 620.

### B. The Court Lacks Jurisdiction Over Plaintiff's Criminal Claims

Plaintiff alleges several violations of criminal statutes, including RICO, 42 U.S.C. § 6928(d)(2)(a)-(f)(2)(b) and 33 U.S.C. § 1319(c)(1). Compl. ¶ V; Pl.'s Am. Resp. 5. This court lacks jurisdiction to adjudicate criminal claims. *See Joshua*, 17 F.3d at 379. This court has no jurisdiction over RICO claims, because RICO is a criminal statute. *Dumont v. United States (Dumont)*, 85 Fed. Cl. 425, 430 (2009) ("This court does not exercise jurisdiction over criminal claims, including those arising under the RICO Act."); *Matthews*, 72 Fed.Cl. at 282 ("Claims under ... RICO are criminal claims. This court lacks jurisdiction to adjudicate criminal claims."). Section 6928(d)(2)(a)-(f)(2)(b) of title 42 of the United States Code addresses criminal penalties for unlawful transport and disposition of hazardous waste.[3] *See, e.g.,*

§ 6928(e) ("Any person who knowingly transports, treats, stores, disposes of, or exports any hazardous waste identified or listed under this subchapter ... shall, upon conviction, be subject to a fine of not more than $250,000 or imprisonment for not more than fifteen years, or both"). Therefore § 6928 does not grant jurisdiction to this court to hear Ms. Hufford's claims under that statute. *See Dumont*, 85 Fed.Cl. at 430. Finally, this court has no jurisdiction to hear claims arising under 33 U.S.C. § 1319(c)(1), a portion of the Clean Water Act. Section 1319(c)(1) provides criminal penalties for negligent introduction of hazardous substances or pollutants into public sewer systems or water treatment facilities. 33 U.S.C. § 1319(c)(1) (providing that "[a]ny person who—(A) negligently violates section 1311, 1312, 1316, 1317, 1318, 1321(b)(3), 1328, or 1345 of this title ... or (B) negligently introduces into a sewer system or into a publicly owned treatment works any pollutant or hazardous substance which such person knew or reasonably should have known could cause personal injury or property damage ... shall be punished by a fine of not less than $2,500 nor more than $25,000 per day of violation, or by imprisonment for not more than 1 year, or by both"). Because this court lacks jurisdiction over criminal matters, it lacks jurisdiction over § 1319(c)(1), which pertains only to criminal penalties. For the foregoing reasons, this court lacks jurisdiction over plaintiff's claims under 18 U.S.C. §§ 1961–62, 42 U.S.C. § 6928(d)(2)(a)-(f)(2)(b), and 33 U.S.C. § 1319(c)(1).

### C. The Court Lacks Jurisdiction Over Claims Arising Under Statutes Committed by Congress to Adjudication by Other Courts

The Court of Federal Claims cannot hear claims committed by Congress to other courts for adjudication. *Cherbanaeff v.*

---

3. Section 6928(g) of title 42 of the United States Code also provides a civil penalty which is payable only to the United States (not to private individuals). *See* 42 U.S.C. § 6928(g) (2006) ("Any person who violates any requirement of this subchapter shall be liable to the United States for a civil penalty in an amount not to exceed $25,000 for each such violation."). This portion of the statute is, therefore, not "reasonably amenable" to the reading that it mandates

payment by the United States to a private individual. *Intersport Fashions W., Inc. v. United States*, 84 Fed.Cl. 454, 456 (2008) (stating that if the statute "relied on by plaintiff as the basis of a claim is not reasonably amenable to being interpreted to constitute a money-mandating source, this court must dismiss the claim due to the lack of subject matter jurisdiction"); *see infra* Part III.D.2.

*United States*, 77 Fed.Cl. 490, 502 (2007) ("Where Congress has granted exclusive jurisdiction in certain courts, these statutory provisions govern.") (citing *Tex. Peanut*, 409 F.3d at 1373). Plaintiff attempts to state claims under 42 U.S.C. § 1983, Compl. ¶¶ I.A, IV.E, 11 U.S.C. §§ 523(a)(6) and 548(a)(1), *id.* ¶ III, 15 U.S.C. §§ 1–7 and 15 U.S.C. §§ 18–19, *id.* ¶ IV.D.3.[4] These claims are not cognizable in this court because they are committed by statute to other courts for adjudication. Congress has committed jurisdiction of § 1983 "constitutional tort" actions to the district courts. 28 U.S.C. § 1343(a)(4) (2006) ("The *district courts* shall have original jurisdiction of any civil action authorized by law to be commenced by any person ... (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights ....") (emphasis added); *Unico Servs., Inc. v. United States*, 71 Fed.Cl. 464, 466–67 (2006) (noting that the Court of Federal Claims lacks jurisdiction to adjudicate claims brought pursuant to 42 U.S.C. § 1983). Similarly, § 523(a)(6), providing exceptions to the discharge of an individual's liability for debts "for willful and malicious injury by the debtor to another entity or to the property of another entity," 11 U.S.C. § 523(a)(6), and § 548(a)(1), concerning fraudulent transfers and obligations incurred by a debtor, 11 U.S.C. § 548(a)(1), concern bankruptcy, which is committed either to the district courts or to bankruptcy courts by 28 U.S.C. § 157(a), 28 U.S.C. § 157(a) (2006). Section 157(a) states:

> Each *district court* may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the *bankruptcy judges for the district.*

28 U.S.C. § 157(a) (emphasis added). Cases under 15 U.S.C. §§ 1–7 (Sherman Antitrust Act) are likewise explicitly committed to the district courts. Section 4 of title 15 of the United States Code reads, "The several *district courts* of the United States are invested with jurisdiction to prevent and restrain violations of sections 1 to 7 of this title." 15 U.S.C. § 4 (2006) (emphasis added). This court also lacks jurisdiction of claims under 15 U.S.C. §§ 18–19, because 15 U.S.C. § 15(a) (commits jurisdiction over these claims to the district courts). *See* 15 U.S.C. § 15(a) (2006) ("any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any *district court* of the United States in the district in which the defendant resides ....") (emphasis added). Because Congress has committed jurisdiction of claims arising under these statutes to the district or bankruptcy courts, this court may not exercise jurisdiction.

### D. The Court Lacks Jurisdiction Over Plaintiff's Claims Arising Under the Constitution

Plaintiff's claims that she should be paid just compensation for an alleged taking of her property and that her constitutional rights were violated may not be heard in this court for lack of subject matter jurisdiction. Plaintiff does not allege that the United States was responsible for taking her property. *See* Compl. *passim*; *see also* infra Part III.D.1. The remaining Constitutional provisions plaintiff cites are not money mandating. *See infra* Part III.D.2. For these reasons, this court lacks subject matter jurisdiction over plaintiff's claims founded upon the Constitution.

### 1. The Court Has No Jurisdiction Over Plaintiff's Fifth Amendment Takings Claim

The Fifth Amendment provides, "nor shall private property be taken for pub-

---

4. The court also dismisses plaintiff's claims under § 4(b) of the Uniform Fraudulent Transfer Act (UFTA). Compl. 1. The UFTA has been adopted as state law in a variety of jurisdictions (in Maryland, it appears that the Uniform Fraudulent Conveyance Act (UFCA), predecessor to the UFTA is still in place, *see* MD.Code Ann., [Com. Law] §§ 15–201–15–214), but the court is not aware of any federal UFTA as distinct from Section 548(a)(1) of Title 11 of the United States Code. *See* 11 U.S.C. § 548(a)(1) (2006). The Tucker Act, 28 U.S.C. § 1491, provides jurisdiction only over claims arising under "the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States...." 28 U.S.C. § 1491(a)(1) (2006). Because they are state laws, neither the UFTA nor the UFCA give rise to jurisdiction under the Tucker Act.

lic use, without just compensation." U.S. Const. amend. V. This court has jurisdiction over takings claims because the Takings Clause of the Fifth Amendment is money-mandating. *See Russell,* 78 Fed.Cl. at 289 ("The Takings and Just Compensation Clauses of the Fifth Amendment do constitute a money-mandating source and claims under these clauses are within the jurisdiction of the court.") (citing *Murray v. United States,* 817 F.2d 1580, 1583 (Fed.Cir.1987) ("[T]he Claims Court has jurisdiction over a taking claim.")). However, "[f]or a takings claim to prevail against a motion to dismiss in this court, the action complained of must be attributable to the United States." *May v. United States,* 80 Fed.Cl. 442, 445 (2008) (citing *Erosion Victims of Lake Superior Regulation v. United States,* 833 F.2d 297, 301 (Fed.Cir.1987)). "The United States can be held liable for a Fifth Amendment taking only if there is 'physical invasion of or physical damage to a claimant's property *by the United States or its authorized agents* ....'" *Id.* (quoting *De–Tom Enters., Inc. v. United States,* 213 Ct.Cl. 362, 365, 552 F.2d 337, 339 (1977)) (emphasis added).

 Plaintiff claims that she was "deprived ... of her property" without just compensation, but nowhere suggests that the United States government was responsible for the deprivation. Compl. ¶¶ II.B.1, II.E. She states instead that Mr. Michael Balzer (who allegedly sold her the property in question), "altered survey property boundary line pins ... in order for Mr. Balzer to ... unlawfully take ... [a] section of waterfront property." *Id.* ¶ I.B.7; *see* Compl. Ex. 5 (Deed Between Plaintiff and Mr. Balzer). Plaintiff also alleges, in the section of her complaint that appears to be devoted to her takings argument, that the "section of waterfront property [was] embezzled by CHCA, Inc., [and] lawyers, [specifically] Mr. Michael J. Balzer." *Id.* ¶ II.E.4. Plaintiff also alleges

that CHCA, the State of Maryland Department of the Environment, and the "corps of engineers" approved a stone "wave breaker" which, for lack of an adequate land survey, effected an unlawful taking. *See id.* ¶ I.C.6. Construed liberally, the court assumes that by reference to the "corps of engineers," plaintiff meant the United States Army Corps of Engineers (Army Corps of Engineers). *See id.* Ex. 15 at 4 (Wetlands License to CHCA) (noting that CHCA's proposed project qualifies under the Maryland State Programmatic General Permit, which allows the State of Maryland to authorize projects for the Army Corps of Engineers). However, plaintiff fails to allege facts in her Complaint, the attached exhibits, or in her Response to show that the Army Corps of Engineers was in any way involved in taking her property, *see* Compl. *passim;* Pl.'s Am. Resp. *passim,* nor does she name the Army Corps of Engineers, an entity through which the United States can act, *see, e.g., Henderson County Drainage Dist. No. 3 v. United States,* 53 Fed.Cl. 48 (2002) (treating the Army Corps of Engineers as an entity of the United States and as a proper defendant in this court), or the United States as a defendant, *see* Compl. *passim;* Pl.'s Am. Resp. *passim.* Because plaintiff fails to allege that the United States was responsible for taking her property, the court must dismiss plaintiff's takings claim.

2. The Court Has No Jurisdiction Over Claims Arising Under Non–Money–Mandating Constitutional Provisions

 Plaintiff alleges violations of Articles I, II and III of the Constitution,[5] as well as violations of the First and Fourteenth Amendments, claiming that she has been deprived of freedom of speech, due process, and equal protection. Compl. Appendix (App.) ¶ IV.A.5;[6] Compl. ¶ III. However, "[t]he

---

5. Because plaintiff fails to renew her claims under Sections 8–10 of Article I, and Articles II and III in her Amended Response and fails to argue in either document submitted to the court which specific provisions of Articles II and III were violated and how they or Sections 8–10 of Article I might be construed as money mandating, the court treats the claims as abandoned and declines to reach the question of which, if any, of

the provisions of Articles I–III are "reasonably amenable" to the reading that they are money mandating.

6. Plaintiff's Complaint is divided into several sections. After the initial Complaint (ending in a signature page), there is a section entitled, "See Case Next Section Opening Statement." The Court refers to this section of the complaint as

First Amendment does not mandate the payment of damages for its breach and cannot be construed as a money-mandating source." *Russell,* 78 Fed.Cl. at 288; *Edelmann v. United States,* 76 Fed.Cl. 376, 383 (2007); *see also United States v. Connolly,* 716 F.2d 882, 887 (Fed.Cir.1983) ("[T]he literal terms of the first amendment neither explicitly nor implicitly obligate the federal government to pay damages."). Similarly, "the Due Process Clauses of the Fifth and Fourteenth Amendments [and] the Equal Protection Clause of the Fourteenth Amendment ... [are not] sufficient bas[es] for jurisdiction because they do not mandate payment of money by the government." *LeBlanc v. United States (LeBlanc),* 50 F.3d 1025, 1028 (Fed.Cir.1995); *Joshua,* 17 F.3d at 379 ("[T]he due process and equal protection clauses of the Fifth Amendment do not provide for the payment of monies, even if there were a violation.") It is well established that this court lacks jurisdiction over due process claims. *James v. Caldera,* 159 F.3d 573, 581 (Fed.Cir.1998) (stating that the Court of Federal Claims lacks jurisdiction over Fifth Amendment due process violations); *LeBlanc,* 50 F.3d at 1028 (stating that the Due Process Clauses of the Fifth and Fourteenth Amendments are an insufficient basis for jurisdiction because they "do not mandate payment of money by the government"). For the foregoing reasons, plaintiff's claims arising under the First and Fourteenth Amendments may not be heard in this court for lack of subject matter jurisdiction.

E. The Court Has No Jurisdiction Over Claims Arising Under Non–Money–Mandating Regulations

██ This court is without jurisdiction to hear plaintiff's claims under 40 C.F.R. §§ 1502.14, 1508.20,1508.25, 1508.27 and 17 C.F.R. § 240.10b5–1 and 10b5–2 [7] because those regulations are not money mandating. Compl. ¶ IV.A.8, 12–13. The provisions under title 40 of the Code of Federal Regulations which Ms. Hufford alleges were violat-

ed by defendants list the requirements for the environmental impact statement that must accompany new federal government proposals and other major federal actions. *See* 40 C.F.R. § 1501.4; 40 C.F.R. § 1502.3–4, 14; 40 C.F.R. § 1508.20, 25, 27; Compl. App. IV.A.12–13. The provisions of the Securities Exchange Act which plaintiff cites concern insider trading. *See* 17 C.F.R. § 240.10b5–1 ("This provision defines when a purchase or sale constitutes trading 'on the basis of' material nonpublic information in insider trading cases...."); 17 C.F.R. § 240.10b5–2 ("This section provides a nonexclusive definition of circumstances in which a person has a duty of trust or confidence for purposes of the 'misappropriation' theory of insider trading....").

Because these regulations are not money mandating, this court does not have jurisdiction. *See Intersport,* 84 Fed.Cl. at 456 (stating that, if the regulation "relied on by plaintiff as the basis of a claim is not reasonably amenable to being interpreted to constitute a money-mandating source, this court must dismiss the claim due to the lack of subject matter jurisdiction"); *see also Worthington v. United States,* 168 F.3d 24, 26 (Fed.Cir. 1999) ("To fall within the Tucker Act's jurisdictional grant, a claim must invoke a statute that mandates the payment of money damages."). The provisions of Title 40 of the United States Code and the provisions of the Securities Exchange Act relied on by plaintiff are not regulations "reasonably amenable" to the reading that they are money mandating because they do not provide a right of recovery to any claimant, including plaintiff. *See Spehr v. United States (Spehr),* 51 Fed.Cl. 69, 93 (2001) (finding 18 U.S.C. § 245 not to be money mandating because it does not confer "a substantive right to recover money damages against the United States"); *see also Pac. Nat'l Cellular v. United States,* 41 Fed.Cl. 20, 30 (1998) (finding that the Paperwork Reduction Act was not money mandating because "[n]othing in the statute creates an entitlement in any individual or entity to

the Appendix (App.), as distinct from the exhibits attached to the Complaint by plaintiff.

**7.** Plaintiff refers in her Complaint, Compl. App. ¶ IV.A.8, to the "Security Exchange Act, Rule 10

B–5 (insider trading)," which the court assumes to be a reference to 17 C.F.R. § 240.10b5–1 and 10b5–2.

collect money from the sovereign"). Because the regulations cited by plaintiff are not money mandating, this court lacks jurisdiction over plaintiff's regulatory claims.

### F. This Court Does Not Have Jurisdiction Over Tort Claims

 The Court of Federal Claims does not have jurisdiction over plaintiff's claims of fraud, conversion and negligence, because these claims sound in tort. *See* Compl. ¶¶ I, IV.D.1; *Hufford v. United States*, 85 Fed.Cl. 607, 608 (2009) (holding that fraud is a tort claim outside the jurisdiction of the Court of Federal Claims); *Moore v. Durango Jail*, 77 Fed.Cl. 92, 96 (2007) (holding that the Court of Federal Claims did not have jurisdiction over plaintiff's claim because "plaintiff's claim of negligence sounds in tort"); *Drury v. United States*, 52 Fed.Cl. 402, 404–05 (2002) (finding that plaintiff's claims, including conversion, sounded in tort and that the Court of Federal Claims has no jurisdiction over claims sounding in tort). The court must dismiss plaintiff's tort claims under RCFC 12(b)(1) because the Tucker Act does not provide this court with jurisdiction over tort claims. *See* 28 U.S.C. § 1491(a)(1) ("The [Court of Federal Claims] shall have jurisdiction to render judgment upon any claim against the United States ... for liquidated or unliquidated damages *in cases not sounding in tort*.") (emphasis added). For the foregoing reasons, the court lacks jurisdiction over plaintiff's claims of fraud, conversion and negligence.

### IV. Conclusion

For the foregoing reasons, defendant's Motion to Dismiss is GRANTED. The Clerk of the Court shall DISMISS plaintiff's complaint. No costs.

IT IS SO ORDERED.